## SUPREME COURT—IN ADMIRALTY.

RICHARD COADY *et als., Appellants, vs.* 1,200 BBLS. OIL AND 15,000 LBS. BONE, etc., SAVED FROM SHIP "NATCHEZ."

BY THE COURT:

This is a case on an appeal by the libellants from the decree of the Chief Justice in a suit for salvage, brought by an original proceeding *in rem* against 1,200 barrels of oil and 15,000 pounds of bone, and sundry other articles, saved from the ship "Natchez," wrecked in Potter's Bay, in the Ochotsk Sea.

The Court have carefully considered the testimony submitted, and the principles of law applicable to the case, and fully sustain the judgment of the Chief Justice, subject to the modification which results from the new evidence introduced. By this an error is corrected, which was innocently made by the libellants, and not from palpable laches, and changes the aspect of the case to some extent; therefore, while the Court do not intend to relax the rules of evidence, still they regard it within a sound discretion, on an appeal, to permit an error made under these circumstances to be corrected.

By an exact account, rendered by the Marshal, of the quantity of oil and bone, and value of other property saved, it is proved that there is a deficiency from the amount as proved by Mr. Durham by estimate. The Court have taken this into consideration, and have awarded an additional proportion. It was stipulated by the parties to the suit, and an application was made therefor, that the oil and bone saved from the "Natchez," shall be partitioned by the Marshal, and distributed as the

Court shall decree, and that the balance of the property should be sold at auction, at short notice, and the proceeds paid into Court; and so much as may be necessary to pay the costs of court deducted, and the balance distributed in the same manner as the oil and bone.

In view of the circumstances of the case, the Court is of opinion that the libellants are entitled to 35-80ths of the oil and bone, which will be distributed in kind, according to the stipulations of the parties; and also to 35-80ths of the proceeds of the sale of the remaining property, after the deduction of the fees, commissions and expenses of the Marshal and the costs of court.

Decreed accordingly.

The claim of the bark "Harmony" for salvage service, was dismissed, and also that of Geo. W. Wilfong, second officer of the bark "Harmony," without costs—Mr. Justice Robertson dissenting from this portion of the decision.